**UNITED STATES of America,
Appellant,**

v.

**William W. BALDWIN and Mercantile-
Safe Deposit & Trust Company,
Appellees.**

**No. 77–1217.**

United States Court of Appeals,
Fourth Circuit.

Argued March 9, 1978.

Decided May 15, 1978.

Richard Farber, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Myron C. Baum, Acting Asst. Atty. Gen., Jervis S. Finney, U. S. Atty., Gilbert E. Andrews and Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief), for appellant.

Herman B. Rosenthal, Baltimore, Md. (George D. Hubbard and Robert P. Mittelman, Semmes, Bowen & Semmes, Lawrence Perin, Baltimore, Md., on brief), for appellees.

Before BRYAN, Senior Circuit Judge and Presiding Judge, and BUTZNER and WIDENER, Circuit Judges.

## OPINION AND CERTIFICATION

ALBERT V. BRYAN, Senior Circuit Judge:

This is an appeal by the United States from the dismissal by the District Court of an action by the Government to subject the corpus of an irrevocable trust to the payment of taxes on the income derived by the settlor from the trust. *United States of America v. William W. Baldwin, et al.,* Civil No. Y–75–1852 (D.C.Md. Sept. 29, 1976).

The question on appeal is whether the settlor of an irrevocable trust, reserving to himself only the right to receive, during his lifetime, the income from the investments and other personalty of the trust, has such an estate in the corpus thereof as constitutes "property and rights to property" subject to the lien of the United States for taxes owing by the settlor on such income. Section 6321, Internal Revenue Code of 1954.* Adjectival terms of the instrument in suit are that the settlor retains the power to change the trustee—even to himself, thus including his administration of the trust—and to appoint by his will those who should enjoy the remainder estate in the trust corpus after his death, failing which

---

\* "SEC. 6321. LIEN FOR TAXES.

If any person liable to pay any tax neglects or refuses to pay the same after demand, the

amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue

the remaindermen would be those specified in the trust instrument.

Whether the life tenant subject to these restrictions, but possessed of these privileges, is seised of property or property rights is a determination for the State judiciary exclusively. *Aquilino v. United States*, 363 U.S. 509, 512–513, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). Our venture into that area of decision could not produce an answer of requisite finality. For that reason there can be no conclusive resolution of this litigation without the aid of the Court of Appeals of Maryland. Thereafter, if and when ownership of such property or rights is found to be in the trust creator, then the application of the tax lien must be settled under Federal law. *United States v. Bess*, 357 U.S. 51, 56–57, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958); *cf. United States v. Ritter*, 558 F.2d 1165 (4 Cir. 1977).

In this dependence, therefore, we shall seek the judgment of the Maryland Court by praying leave to certify to it, under the Maryland Uniform Certification of Questions of Law Act, now § 12–601, et seq. of the Annotated Code of Maryland, the instant question for determination.

This statute quite reasonably requires that the certification include a "statement of all facts relevant to the question certified showing fully the nature of the controversy in which the question arose". While the facts appear for the most part in the foregoing submission of the question, a complete understanding of them requires this amplification: the settlor or creator of the trust is William W. Baldwin of New York City; the indenture is dated December 10, 1935; the trustee at that time was the Safe Deposit & Trust Company of Baltimore, now known as the Mercantile-Safe Deposit and Trust Company; the outstanding taxes against Baldwin are on income assessed for certain years between 1950–1959, inclusive, amounting with penalties and assessed interest, less payments and credits, to a grand total of $69,371.00 as of the commencement of this litigation; until

his retirement in 1973, the settlor had paid the taxes annually accruing thereon from his current income; and the capital of the trust as of February 1976 had an estimated fair market value of $254,235.60.

Now, accepting the privileges of the Maryland Act, it is

ORDERED that this court certify to the Court of Appeals of Maryland for answer the question currently pending on appeal before this court in this case and herein framed in its factual context; and it is

FURTHER ORDERED that the Clerk forward to the Court of Appeals of Maryland, under the official seal of this court, a copy of this opinion and order, together with the original or copies of all or of any portion of the record before this court in this suit as the Court of Appeals of Maryland may deem necessary to it in answering the question herein certified, the Clerk of the Court of Appeals of Maryland simply to notify the Clerk of this court of whatever the Court of Appeals of Maryland desires to be forwarded to it; and it is

ALSO ORDERED that all fees and costs in the Court of Appeals of Maryland shall be equally divided between the parties.

in addition thereto) shall be a lien in favor of the United States upon all property and

rights to property, whether real or personal, belonging to such person."