**UNITED STATES of America,
Appellant,**

v.

**William W. BALDWIN and Mercantile-Safe Deposit & Trust Company,
Appellees.**

**No. 77–1217.**

United States Court of Appeals,
Fourth Circuit.

Argued March 9, 1978.

Decided Nov. 13, 1978.

Richard Farber, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Myron C. Baum, Acting Asst. Atty. Gen., Washington, D. C.; Jervis S. Finney, U. S. Atty., Baltimore, Md.; Gilbert E. Andrews and Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief), for appellant.

Herman Rosenthal, Baltimore, Md. (George D. Hubbard and Robert P. Mittelman, Semmes, Bowen & Semmes; Lawrence Perin, Baltimore, Md., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and BUTZNER and WIDENER, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge:

In an opinion in this cause, May 15, 1978,[1] we asked the Court of Appeals of Maryland to answer for us this question: whether under the law of that State [2] the settlor of an irrevocable trust, reserving to himself only the right to receive, during his lifetime, the income from the investments and other personalty of the trust, has such an estate in the corpus thereof as constitutes "property and rights to property" subject to the lien of the United States for taxes owing by the settlor on such income.[3] The Court at once accepted our certification of the issue and has now decided it with an exigesis of thoroughness and clarity. Its holding was that, under Maryland law, the assets of the trust, in the present context, were not "property or rights to property" of Baldwin, the trustor.

This counsel leads to affirmance of the District Court's determination in this case that the Government could not succeed in its effort to subject the trust assets to the income taxes owing by William W. Baldwin.

At once we acknowledge a sincere gratitude to the Maryland Court of Appeals. Its research of the law and accompanying refinement of its complexities were an invaluable contribution to our work. But, more, it gave the decision a finality we could not give it.

Affirmed.

---

1.  *United States v. Baldwin,* 575 F.2d 1097 (4 Cir. 1978).

2.  Maryland Uniform Certification of Questions of Law Act, MD. CODE ANN. § 12–601 *et seq.*

3.  INT.REV.CODE of 1954, § 6321.